## Staats v. Simpson, Appellant.

*Landlord and tenant—Lease of farm—Mistake.*

A lease of a farm for a money rental payable quarterly contained this clause: " Lessee to harvest the winter wheat, thresh and haul same to mill —leave straw on place ; lessee to have one-half of wheat for labor." The winter wheat was in the ground when the lessee went into possession. *Held,* that the clause quoted applied only to the winter wheat then in the ground, and that the lessee had a right to the straw of the crop which he himself put in.

In an action of replevin to recover from the lessor the straw from the

crop which the lessee had put in himself, the defendant testified that through a mistake, the scrivener of the lease omitted to insert in the lease that the straw from the crops put in by the lessee should remain on the place. This was denied by the plaintiff, his daughter and the scrivener. *Held,* that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 20, 1901.   Appeal, No. 176, Oct. T., 1901, by defendant, from judgment of C. P. Chester Co., Aug. T., 1900, No. 48, on verdict for plaintiff in case of Horace W. Staats v. John G. Simpson.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Replevin to recover straw to which plaintiff claimed title under a lease.   Before BUTLER, J.

At the trial the defendant claimed that under the portion of the lease quoted in the opinion of the Superior Court, he was entitled to retain the straw from the crops which the plaintiff had planted, and that through a mistake of the scrivener a clause giving him such a right in express terms had been omitted from the lease.

When the plaintiff was on the stand he was asked this question :

" Q. Now, do you mean to say that the straw, in the absence of this agreement, could have been sold by you or taken away ? A. I did not sell that straw.   Q. Was it your understanding that if this clause had been left out of the agreement, you would have had a right to have taken that straw away and sold it ? "

Mr. Pierce : I object to that.

Mr. Gilkyson : I refer to the clause to leave the straw on the premises.   It gives the court and jury and witnesses, knowledge and understanding of what this clause referred to.   He has been asked whether this agreement refers to this winter wheat, and he has said, " No."   Now, that being his understanding in answer to counsel for the plaintiff, I asked him whether in the absence of this clause, which he says referred only to the winter wheat, he would have had a right to have sold or carried away the straw of that winter wheat.

Mr. Pierce : There is no objection to that question, but what advantage can it be ?

Mr. Gilkyson : I have a right to test this witness's knowledge and understanding as to what this clause referred to.

The Court: We have to do with the contract he did make. When you ask as to his rights if he had made a different contract from what he did make, it is getting out of the case.

Objection sustained and exception. [3].

The court charged in part as follows :

[We say to you, and if we are wrong the wrong can be corrected in the future—you must take what we say as the law at this time—that this lease does not contain any prohibition of the removal of the straw of these two crops. We say to you as matter of law that there is no stipulation in the lease against the removal of any straw of any part of the crops involved in this suit, that the reference to the straw contained in the lease is solely and alone to the straw of the crop with which you have nothing to do, that was growing at the time the lease was drawn and executed. So that unless the second position of the defendant prevails, unless he has satisfied you, as he has sought to do, that while this lease does not contain a stipulation against the removal of the straw it was intended to do so, and through a mistake of the scrivener does not do so, the plaintiff is entitled to recover on account of the two crops.] [1]

[If the defendant has not satisfied you that this stipulation was agreed to and was omitted by mistake, and satisfied you by the character of proof I have sought to describe, then the plaintiff will be entitled to recover on account of these crops.] [2]

Verdict and judgment for plaintiff for $106. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them. (3) Rulings on evidence, quoting the bill of exceptions.

*H. H. Gilkyson*, for appellant.

*Thomas W. Pierce*, for appellee.

Opinion by Beaver, J., January 21, 1902:

Plaintiff leased from defendant a farm, stock and implements under a written lease, the construction of which by the trial judge in the court below constitutes the principal assignment of error. The lease was for one year from April 1, 1899, for

the rent of $400, payable quarterly. In the lease occurs this clause: "Staats to harvest the winter wheat, thresh and haul same to mill—leave straw on place; Staats to have one-half of wheat for labor."

The trial judge held that this clause applied only to the winter wheat then in the ground, which was to be harvested by Staats and for which he was to receive the one-half for his labor. This construction is in accordance with the terms of the agreement which evidently do not apply to the straw of the crop which Staats put in, for the reason that for the term of the lease he was to pay a money rent and would not, therefore, be entitled to anything for the labor of harvesting the crop of that year.

There is no ambiguity in the agreement. It is self-explanatory and complete in itself. The defendant was not harmed in any way by the construction placed upon the agreement by the trial judge, because he was not shut out from showing that the instruction to the scrivener when he was writing the lease was to include the straw of the crops put in by the plaintiff during its continuance. The testimony of plaintiff, of his daughter and of the scrivener, bearing upon this question, was all admitted and denied by the testimony of the plaintiff. It was all fairly submitted to the jury in a manner of which the defendant does not complain. With the case thus presented and submitted by the court, we cannot see that the defendant would have fared in any sense differently, if the lease itself had been submitted to the jury for its construction, a course which under the circumstances would have been contrary to all authority.

For a like reason the question asked plaintiff, "Was it your understanding that, if this clause had been left out of the agreement, you would have had a right to have taken that straw away and sold it?" was properly disallowed. It was not a question as to what the defendant might have believed his right to be, if the clause had been left out, but what were his rights with the clause in, and the determination of that question was for the court. We find no error in the record.

Judgment affirmed.